**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1700-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DAVID J. SILCOTT,

     Defendant-Appellant.

_____

Submitted September 24, 2024 – Decided October 23, 2024

Before Judges Gilson and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment Nos. 14-12-0935, 15-11-1084, and 17-04-0372.

Jennifer N. Sellitti, Public Defender, attorney for appellant (James D. O'Kelly, Designated Counsel, on the brief).

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Jeffrey Krachun, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant David Silcott appeals from an October 13, 2022 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. He argues that the PCR court (1) made factual misstatements in denying his petition; (2) abused its discretion in not allowing him to engage in discovery to obtain his probation records; and (3) erred in not finding that his trial counsel was ineffective and not conducting an evidentiary hearing.

None of defendant's contentions warrant a reversal. Instead, our de novo review of the record establishes that defendant did not make a prima facie showing of ineffective assistance of counsel and he was not entitled to an evidentiary hearing. Therefore, we affirm the order denying his PCR petition.

I.

In 2013, the New Jersey State Police (State Police) received information from a confidential informant (CI) that an individual using the street name "Strict" was distributing cocaine from a house located at 3 King Drive in Fairfield Township (King Drive). State Police Detective James O'Rourke investigated that report and identified defendant as a person associated with King Drive. O'Rourke then showed the CI a photograph of defendant and the CI identified defendant as Strict. Thereafter, the CI made two controlled purchases of cocaine from defendant at King Drive. Based on that information,

the State Police applied for and obtained a warrant to search the property at King Drive, including the house and dog kennels located behind the house.

The warrant was executed in December 2013. Defendant was found at the home at King Drive and was arrested. The State Police also found and seized cocaine, pills, a digital scale, $1,920 in cash, and a radio scanner. The police also located a Division of Motor Vehicles handicap registration, which had defendant's name on it and listed the King Drive address. The police also searched a shed behind the house, where they found six dogs, including two dogs with scrapes, scratches, and gouges.

The police contacted the SPCA and an SPCA representative came to the home. While at the home, the SPCA representative spoke to defendant, and he signed a release form acknowledging that he owned the dogs.

Thereafter, under Indictment 14-12-0935, defendant was charged with seven crimes: second-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5(b)(2); third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1); third-degree possession with intent to distribute a controlled dangerous substance (CDS), N.J.S.A. 2C:35-5(b)(3); third-degree possession of a CDS, N.J.S.A. 2C:35-10(a)(1); fourth-degree possession of a radio to intercept emergency communications while committing or attempting to commit a crime,

A-1700-22

N.J.S.A. 2C:33-22; third-degree maintaining an establishment for fighting animals, N.J.S.A. 4:22-24(a); and third-degree owning, possessing, or keeping animals for the purpose of fighting or baiting the animals, N.J.S.A. 4:22-24(e).

At trial, the State presented evidence concerning defendant's presence at and use of the property at King Drive. Defendant, through his counsel, disputed ownership of the property. The State and defendant then stipulated that the property was owned by the estate of defendant's parents.

After all evidence had been presented, defendant moved to dismiss the charge that he maintained an establishment for fighting animals and the charge that he owned, possessed, or kept animals for the purpose of fighting or baiting them. The court granted that motion in part and dismissed the charge that defendant maintained an establishment for fighting animals.

The jury then found defendant guilty of five crimes: possession of cocaine with the intent to distribute; possession of cocaine; possession of a CDS; possession of a radio to intercept emergency communications while committing or attempting to commit a crime; and owning, possessing, or keeping animals for the purpose of fighting or baiting the animals.

Before defendant was sentenced on those convictions, he pled guilty to two other crimes. Specifically, under Indictment 15-11-1084, defendant pled

4

guilty to third-degree resisting arrest, N.J.S.A. 2C:29-2(a)(3)(a); and under Indictment 17-04-0372, defendant pled guilty to third-degree possession of a CDS, N.J.S.A. 2C:35-10(a)(1).

On May 8, 2017, defendant was sentenced on all the convictions under the three indictments. For his conviction of possessing cocaine with the intent to distribute, he was sentenced to an extended term of fifteen years in prison, with seven years of parole ineligibility. His conviction for possession of cocaine was merged into his conviction for possession with intent to distribute. On his conviction for owning, possessing, or keeping animals for fighting or baiting, he was sentenced to five years in prison and the court directed that sentence to run consecutive to his sentence for possessing cocaine with the intent to distribute. On his other jury convictions, he was sentenced to prison terms of five years and eighteen months and those sentences were run concurrent to his fifteen-year sentence. So, on the crimes for which he was convicted by the jury, defendant was sentenced to an aggregate prison term of twenty years, with seven years of parole ineligibility. On his convictions resulting from his pleas of guilt, defendant was sentenced to four years for each conviction and those convictions were run concurrent to each other and concurrent to the sentences he received on the jury convictions.

A-1700-22

Defendant filed a direct appeal from all his convictions and sentences. We affirmed defendant's convictions and sentences arising out of his jury convictions and his pleas. State v. Silcott, No. A-5221-16 (App. Div. Sept. 10, 2019).

Thereafter, in April 2021, defendant filed a petition for PCR. He was assigned counsel, and two different attorneys assisted him in filing an amended petition and brief in support of his PCR petition.

On October 12, 2022, the PCR court heard argument on defendant's PCR petition. The following day, the PCR court issued an order and written opinion denying defendant's petition without an evidentiary hearing.

In its opinion, the PCR court addressed the six arguments defendant had presented in support of his petition. Specifically, defendant had argued that his trial counsel was ineffective in (1) failing to present witnesses to testify that he did not live at King Drive; (2) failing to interview the arresting State Police Detective O'Rourke; (3) inadequately questioning certain witnesses at trial; (4) failing to move to sever the charges of animal abuse from the narcotic charges; (5) failing to argue against aggravating factors three, six, and nine at the sentencing; and (6) failing to argue for concurrent sentences. After analyzing each of those arguments, the PCR court found there was no prima facie showing

of ineffective assistance of counsel. Accordingly, the PCR court denied the petition without an evidentiary hearing. Defendant now appeals from the order denying his PCR petition.

## II.

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the two-prong Strickland test in New Jersey). Under prong one, a defendant must establish that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Under prong two, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

A petitioner is not automatically entitled to an evidentiary hearing merely by filing for PCR. State v. Porter, 216 N.J. 343, 355 (2013); State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rule 3:22-10(b) provides that a defendant is entitled to an evidentiary hearing on a PCR petition only if: (1) he

7

or she establishes "a prima facie case in support of [PCR]," (2) "there are material issues of disputed fact that cannot be resolved by reference to the existing record," and (3) "an evidentiary hearing is necessary to resolve the claims for relief." Porter, 216 N.J. at 354 (alteration in original) (quoting R. 3:22-10(b)). In making that showing, a defendant must "demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997); see also R. 3:22-10(b). Thus, to obtain an evidentiary hearing on a PCR petition based upon claims of ineffective assistance of counsel, a defendant must make a showing of both deficient performance and actual prejudice. State v. Preciose, 129 N.J. 451, 463-64 (1992).

III.

On this appeal, defendant presents three main arguments, one of which has sub-arguments. He articulates those arguments as follows:

> POINT I. MEANINGFUL APPELLATE REVIEW OF THE PCR COURT'S DENIAL OF DEFENDANT'S PCR PETITION CANNOT BE ACCOMPLISHED DUE TO THE PCR COURT'S FAILURE TO COMPLY WITH R[ULE] 1:7-4(a).
>
> POINT II. THE PCR COURT'S DENIAL OF DEFENDANT'S DISCOVERY REQUEST WAS AN ABUSE OF DISCRETION. DEFENDANT

JUSTIFIED HIS NEED FOR ACCESS TO HIS PROBATION RECORDS.

POINT III.   THE PCR COURT'S CONCLUSION THAT TRIAL COUNSEL WAS NOT INEFFECTIVE WAS ERRONEOUS AND SHOULD BE REVERSED.

A.   TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO MOVE TO SEVER THE ANIMAL CRUELTY CHARGES IN INDICTMENT 14-12-00935-I FROM THE DRUG-RELATED CHARGES.

B.   TRIAL COUNSEL WAS INEFFECTIVE AT TRIAL FOR FAILING TO ESTABLISH THAT DEFENDANT MAINTAINED A SEPARATE PLACE OF RESIDENCE AND ONLY UTILIZED 3 KING BRIDGE DRIVE AS A MAILING ADDRESS.

A.   The PCR Court Meaningfully Considered Defendant's Petition And Any Factual Misstatements Were Immaterial.

Rule 1:7-4(a) requires courts to "make findings of fact and state [their] conclusions of law." N.J. Div. of Youth & Fam. Servs. v. M.C., 201 N.J. 328, 342 (2010).  In so doing, courts "must state clearly [the] factual findings and correlate them with the relevant legal conclusions."  Ibid. (quoting Curtis v. Finneran, 83 N.J. 563, 570 (1980)).  "Meaningful [] review is inhibited unless the judge sets forth the reasons for his or her opinion."  Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990).

Initially, we note that we have conducted a de novo review of the record. That review satisfies us that the PCR court conducted a thorough and meaningful

analysis of defendant's petition. In analyzing defendant's claims of ineffective assistance of counsel, the PCR court made adequate findings of facts and conclusions of law on each of defendant's contentions.

Just as importantly, the few factual mistakes made by the PCR court were not material. Defendant first points out that the PCR court mistakenly "concluded that the jury found defendant not guilty of count six [that is, maintaining an establishment for fighting animals] and guilty of count seven [that is, owning, possessing, or keeping animals for the purpose of fighting or baiting them]." Defendant points out that count six was dismissed and was not considered by the jury.

Defendant asserts that the PCR court's misstatement regarding the disposition of count six led to an error in rejecting his argument that counsel was ineffective in failing to move to sever the animal abuse charges from the narcotics charges. We reject that argument because the PCR court also found that there was no showing of prejudice because of the alleged failure to move to sever. Having conducted a de novo review, we agree that defendant did not show prejudice.

The joinder of the animal abuse and drug-related charges was proper under Rule 3:7-6. Evidence for those charges was gathered during the search of the

10

property at King Drive.  Defendant has made no showing that a motion to sever those charges would have been successful.  Thus, defendant is simply asking us to speculate; but speculation is not a basis for granting PCR.  Marshall, 148 N.J. at 158 (internal citations omitted) ("If the court perceives . . . that the defendant's allegations are too vague, conclusory, or speculative to warrant an evidentiary hearing, then an evidentiary hearing need not be granted."); Cummings, 321 N.J. Super. at 170 ("[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel.").

Next, defendant points out that the PCR court mistakenly described a stipulation at trial.  At trial, the parties stipulated that "the property located at 3 King Drive in Fairfield Township is in the name of Joseph and Blossom Silcott and they are both deceased."  The PCR court stated that "[p]etitioner does not have to live at King Drive to be found guilty of narcotics distribution, a topic stipulated to by the State and counsel at trial."

The material point, which the PCR correctly identified, was that defendant did not need to own or reside at the home at King Drive.  Instead, the jury needed to find that defendant owned, possessed, or controlled the drugs, drug paraphernalia, and dogs found at King Drive.  There was ample evidence at trial

to establish that defendant owned, possessed, or controlled the drugs, drug paraphernalia, and dogs found at King Drive.

B.     The PCR Court Did Not Err In Rejecting Defendant's Arguments Concerning His Probation Records.

In support of his petition, defendant argued that his trial counsel was ineffective in not calling witnesses and presenting evidence to dispute that he lived at King Drive.  In connection with that argument, defendant stated that his probation records would show that he resided at a different address.  The record is not clear if defendant requested discovery in connection with his PCR petition.  Instead, because the PCR court rejected his argument concerning the probation records by pointing out that no records were produced, defendant now argues that the PCR court abused its discretion in not allowing him to obtain those probation records in discovery during the PCR proceedings.

The scope of permissible discovery in a PCR proceeding is limited.  State v. Herrerra, 211 N.J. 308, 328 (2012).  "[O]nly in the unusual case will a PCR court invoke its inherent right to compel discovery."  Ibid. (quoting Marshall, 148 N.J. at 91).  We have explained that "[t]he filing of a petition for PCR is not a license to obtain unlimited information from the State, but a means through which a defendant may demonstrate to a reviewing court that he [or she] was convicted or sentenced in violation of his [or her] rights."  Ibid. (quoting

Marshall, 148 N.J. at 92 (citing R. 3:22-2)). The PCR court's decision to permit or deny discovery is reviewed for abuse of discretion on appeal. Ibid.

Applying these well-established principles, we discern no error in the PCR court's decision not to order discovery of defendant's probation records. In that regard, we agree with the PCR court's analysis that those records were probably not admissible on their own. Just as importantly, the material issue at trial was whether defendant owned, possessed, or controlled the drugs, drug paraphernalia, and dogs found at King Drive. Defendant made no showing that his counsel's failure to present his probation records prejudiced him at trial.

In short, defendant's convictions did not require that the State prove that defendant owned or even resided at King Drive. Instead, the State needed to prove that defendant owned, possessed, or controlled the narcotics and dogs found there. See State v. Reeds, 197 N.J. 280, 296 (2009) (quoting State v. Lewis, 185 N.J. 363, 371 (2005)) ("[P]ossession [of narcotics] can be constructive, meaning that . . . [']the circumstances permit a reasonable inference that [the defendant] has knowledge of [their] presence, and intends and has the capacity to exercise physical control or dominion over [them] during a span of time.'"); see also N.J.S.A. 4:22-24(e) (2014) (making it unlawful for a "person

[to] . . . [o]wn, possess, keep, train, promote, purchase, or knowingly sell a living animal or creature for the purpose of fighting or baiting that animal or creature").

      C.     The Denial Of Defendant's PCR Petition Without An Evidentiary Hearing.

Defendant repeats the same arguments that he made to the PCR court concerning the alleged ineffective assistance of his trial counsel. Before us, he focuses on two alleged failures of his trial counsel: the decision not to move to sever the animal abuse charges; and counsel's alleged failure to establish that defendant did not reside at King Drive.

We have already analyzed why both of those arguments fail. In that regard, as we have explained, defendant did not satisfy the prejudicial prong of the Strickland/Fritz test. Our de novo review has also satisfied us that defendant failed to make a prima facie showing of ineffective assistance of trial counsel on any other grounds that he identified in his petition and amended petition in support of his PCR application. So, defendant was not entitled to an evidentiary hearing, and we affirm the order denying his PCR petition. State v. Goodwin, 173 N.J. 583, 602 (2002) (holding that a defendant who fails to present a prima facie claim for ineffective assistance of counsel is not entitled to evidentiary hearing).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1700-22